RENDERED: JULY 2, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-1074-MR

JACOB BOWLES                                               APPELLANT

v.
APPEAL FROM MONROE CIRCUIT COURT
HONORABLE DAVID L. WILLIAMS, JUDGE
ACTION NO. 22-CR-00002

COMMONWEALTH OF KENTUCKY                                   APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, A. JONES, AND McNEILL, JUDGES.

JONES, A., JUDGE:  Jacob Bowles appeals from the Monroe Circuit Court's order sentencing him to five years' imprisonment after it entered an order voiding his pretrial diversion.  After considering the facts and the law, we affirm the trial court's judgment.

# I. BACKGROUND

The underlying incident that gave rise to this case was a single-vehicle accident on January 24, 2022, in Monroe County, Kentucky. Bowles failed to negotiate a wet curve while driving and crashed into a ditch. When they arrived, responding officers discovered over five pounds of marijuana in Bowles's vehicle. As a result of the incident, on February 17, 2022, the Monroe County grand jury indicted Bowles for operating a motor vehicle with an expired operator's license,[1] possession of an open alcoholic beverage container in a motor vehicle,[2] driving too fast for traffic conditions,[3] and trafficking in marijuana (first offense).[4] A few months afterward, the Commonwealth extended Bowles a generous plea offer. In exchange for Bowles's guilty plea, the Commonwealth agreed to dismiss all counts of the indictment except for trafficking in marijuana, which it would reduce in severity to the level of a Class D felony.[5] Pursuant to the agreement, Bowles would accept a five-year sentence, with the term diverted for five years. Bowles

---

[1] Kentucky Revised Statute (KRS) 186.410(1).

[2] KRS 189.530(2).

[3] KRS 189.390(2).

[4] KRS 218A.1421(4). Trafficking in five or more pounds of marijuana is a Class C felony on the first offense, and a Class B felony for a second or subsequent offense.

[5] KRS 218A.1421(3) defines trafficking in marijuana in amounts greater than eight ounces, but less than five pounds, as a Class D felony for a first offense.

agreed to the terms of the plea offer. The trial court accepted his guilty plea on May 19, 2022, and thereafter placed him on supervised diversion.

Shortly thereafter, Bowles applied for transfer of his supervision to authorities in Tennessee because he wished to live there with his mother. Unfortunately, Tennessee denied the transfer because Bowles's mother was living with a friend, and it deemed the living situation unstable. The Commonwealth responded by moving for Bowles to receive unsupervised diversion for as long as he resided in Tennessee, with the caveat that, if he moved back to Kentucky, he would be returned to supervision. The trial court signed an agreed order to this effect in September 2022.

At some point between the signing of this order and May 2025, however, Bowles apparently returned to Kentucky without informing the trial court or probation and parole. In May 2025, Bowles was living with his mother, his uncle, and his girlfriend, Jayeda Perdue, in Glasgow, Kentucky. On May 20, 2025, Bowles and Perdue were at home when Bowles accused her of infidelity and demanded to see her cell phone. She refused. The argument ended in a physical altercation in which Bowles slapped Perdue before punching her twice with a closed fist. She called the police, and Bowles left the scene before they arrived. The responding officer took Perdue's report and photographed her injuries, which included a swollen face and a split lip. He then took her to the hospital emergency

department for treatment.  Shortly afterward, Bowles was arrested and pleaded guilty to fourth-degree assault in Barren District Court.

As a result of the assault charge and subsequent conviction, the Commonwealth moved to revoke Bowles's diversion and impose his five-year sentence.  The trial court held a hearing on the motion on June 12, 2025, in which it heard testimony from Perdue, the responding police officer, and Bowles himself.  The trial court was notably unhappy with Bowles's assault conviction and ultimately revoked his diversion.  Despite its unhappiness with Bowles's conduct, however, the trial court left open the possibility that Bowles could qualify for probation at a later time.  The trial court reiterated this point at the sentencing hearing, encouraging Bowles to file a motion for shock probation.  The trial court entered a final judgment and sentence on July 17, 2025, sentencing Bowles to a five-year prison term pursuant to his plea agreement.  Less than one month later, the trial court entered an agreed order placing Bowles on shock probation.  This appeal followed.

## II. ANALYSIS

Pretrial diversion in Kentucky is governed by RCr[6] 8.04 and KRS 533.250 *et seq.*  A trial court's decisions regarding pretrial diversion are reviewed using the same criteria as decisions to revoke probation.  *Richardson v.*

---

[6] Kentucky Rule of Criminal Procedure.

*Commonwealth*, 494 S.W.3d 495, 498 (Ky. App. 2015). "A decision to revoke probation is reviewed for an abuse of discretion." *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014) (citation omitted). "Under our abuse of discretion standard of review, we will disturb a ruling only upon finding that 'the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Id.* (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

The discretion afforded to the trial court to revoke probation or diversion, however, must be exercised "consistent with statutory criteria." *New v. Commonwealth*, 598 S.W.3d 88, 90 (Ky. App. 2019) (quoting *Andrews*, 448 S.W.3d at 780). "Specifically, before revoking probation a trial court must make two findings under [KRS] 439.3106(1): (1) whether the alleged probation violation 'constitutes a significant risk to prior victims of the supervised individual or the community at large' and (2) whether the defendant 'cannot be appropriately managed in the community[.]'" *Id.* A trial court is required to make these findings, and they must be "supported by the evidence of record[,]" but the trial court is not required to provide any explanation for them. *McClure v. Commonwealth*, 457 S.W.3d 728, 733 (Ky. App. 2015).

In his sole argument on appeal, Bowles contends the trial court abused its discretion when it voided his diversion. Specifically, Bowles contends that the

trial court erred in finding that he could not be supervised while on diversion because he had not yet been subject to supervision. Instead of proceeding directly to revocation, Bowles argues that the trial court should have imposed a lesser sanction that included supervision. Bowles also complains that "[t]he lack of analysis by the Monroe Circuit Court raises the specter of a zero-tolerance policy" which met with our disapproval in *Helms v. Commonwealth*, 475 S.W.3d 637 (Ky. App. 2015). (Appellant's Brief at 6.)

We do not agree with Bowles's argument. First, a trial court is not required to provide a lesser sanction before revocation. "KRS 439.3106 permits, but does not require, a trial court to employ lesser sanctions[.]" *McClure*, 457 S.W.3d at 732. Next, the trial court's order revoking Bowles's diversion specifically found that Bowles "poses a risk to public safety and is not amenable to community supervision." (Record (R.) at 76.) These are the findings required by KRS 439.3106; an explanation is not required. *Id*. at 733. Unlike in *Helms*, where we specifically disapproved of a trial court's zero-tolerance provision, *see Helms*, 475 S.W.3d at 643-44, the trial court in this case did not invoke a similar blanket rule. Instead, it considered Bowles's case on its own merits before electing to revoke his diversion.

Finally, Bowles contends that even though his assault conviction is admittedly serious, the record does not support the finding that he cannot be

managed in the community. We disagree. The record shows that, despite receiving a very generous plea and accommodations from both the trial court and the Commonwealth, Bowles failed to inform the trial court when he returned to Kentucky and therefore *should* have been under supervision when he assaulted his girlfriend. In other words, he apparently disregarded one of the few restrictions the trial court gave him when it allowed him to relocate to Tennessee. While the trial court was permitted to meet this flouting of its conditions with a lesser sanction than revocation, it was in no way required to do so. We note also that Bowles continued to benefit from the trial court's concern for his well-being when it granted shock probation within a month of his sentencing. We discern no abuse of discretion in the trial court's handling of this case.

## III. CONCLUSION

For the foregoing reasons, we affirm the Monroe Circuit Court's judgment.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Aaron Reed Baker
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

James Havey
Assistant Solicitor General
Frankfort, Kentucky